Ravinder Singh PARMAR, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71679.

Agency No. A76–868–386.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Linda S. Wendtland, Esq., Francis L. Cramer, U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Ravinder Singh Parmar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his claim for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence and will uphold the decision unless the evidence compels a contrary conclusion. See Malhi v. INS, 336 F.3d 989,

992–93 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the BIA's decision. Parmar's testimony was not credible because it was vague, implausible, non-responsive, and appeared to be scripted. See Singh–Kaur v. INS, 183 F.3d 1147, 1152–53 (9th Cir.1999). Moreover, substantial evidence supports the adverse credibility finding based on demeanor. See id. at 1151 (giving "special deference" to a credibility determination based on demeanor).

Because the IJ had reason to question Parmar's credibility, he could properly require corroborating evidence, and Parmar has not shown that the evidence presented compelled a contrary conclusion in order to overcome the deference accorded to credibility determinations. See Malhi, 336 F.3d at 993; Chebchoub v. INS, 257 F.3d 1038, 1044–45 (9th Cir.2001).

Because Parmar failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc).

We decline to address Parmar's claim under the Convention Against Torture because he did not exhaust administrative remedies on this claim. See Barron v. Ashcroft, 358 F.3d 674, 677–78 (9th Cir. 2004).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.